Michael Peffer (SBN: 192265)
PACIFIC JUSTICE INSTITUTE
2200 N. Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150
Email: michaelpeffer@pji.org

Attorney for Plaintiff, EDWARD STEPANYANTS

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD STEPANYANTS, an individual,<br><br>　　　　　　PLAINTIFF,<br><br>VS.<br><br>DOLLAR SHAVE CLUB, and DOES 1 to 100, inclusive,<br>　　　　　　DEFENDANTS. | CASE NO.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br><br>**(DEMAND FOR JURY TRIAL)** |

### INTRODUCTION

　　Plaintiff, EDWARD STEPANYANTS brings this action against DOLLAR SHAVE CLUB ("DOLLAR") a Delaware Corporation (subsidiary of Unilever). This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.) and the California Fair Employment and Housing Act (Cal. Govt. Code 12900 et seq.).

- 1 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

The gravamen of this Complaint is that the Defendant refused to accommodate, retaliated against, otherwise discriminated against, and subsequently terminated Plaintiff because he asked for an accommodation to his sincerely held religious beliefs. Defendant knew or should have reasonably known that Mr. Stepanyants held religious beliefs because he asserted them. Defendant nevertheless failed to accommodate and terminated Mr. Stepanyants in retaliation for seeking an accommodation.

## JURISDICTION AND VENUE

1) This Court has authority over this action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This Court has supplemental authority over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

2) Venue is proper in the Central District of California under 42 U.S.C. § 2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of the Plaintiff's employment, where the alleged unlawful employment practices took place, is within the Central District of California. This case is appropriate for assignment to the Southern Division. Plaintiff was a remote employee headquartered in Irvine, Orange County, and the situs of the alleged unlawful employment practices took place at the Defendant's Irvine location.

## PARTIES

### PLAINTIFF

3) At the time of his employment, Mr. Stepanyants was an employee of DOLLAR and worked as a Senior Data Analyst. Mr. Stepanyants resided in

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

Orange County when he first began his employment and continues to reside in the County.

## DEFENDANT

4) Upon information and belief, DOLLAR is a Delaware Corporation and headquartered in the city of Irvine, Orange County, California.  At the time of the events that gave rise to this Complaint, DOLLAR employed Plaintiff as a Senior Data Analyst.

## STATEMENT OF FACTS

5) Mr. Stepanyants began work at DOLLAR in September 2020, working as a Senior Data Analyst. He continued in this position until he was unlawfully terminated by DOLLAR.

6) The position was a remote position, and he had never been required to go to an office.

7) At some point before November 2021 Dollar Shave Club had requested every employee to submit their vaccination status through a Unilever company portal. Mr. Stepanyants advised them that he was not vaccinated.

8) On November 18, 2021 an email was sent to Dollar Shave Club employees detailing its vaccination policy. The terms included the following:

- This policy currently only impacts only our employees at HQ and not at our Fulfillment Center in Ohio.
- This policy is a requirement regardless if you are an office-based or remote employee.
- The deadline to submit your vaccination status is currently Dec 21st, 2021.
- There are possibilities for religious or medical exemption, but the process for approval will go through Unilever (deadline to apply is Nov 29th). Stay tuned for details on how to apply for an exemption.

- 3 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

- If you do not disclose vaccination status by December 21st, then we must begin an exit transition beginning Dec 22nd, 2021 through Feb 15th, 2022.

9) On November 22, 2021 Dollar Shave Club/Unilever reached out to Mr. Stepanyants to submit confirmation of vaccination and also provided information on how to submit medical or religious exemption to Unilever.

10) On November 24, 2021, Mr. Stepanyants, submitted a religious exemption request to Unilever stating that he had a religious conviction against forced vaccination. Among other things, and as someone who is staunchly against abortion based upon his faith, Mr. Stepanyants objected to the well-documented process of the COVID-19 vaccines being developed from aborted human fetal tissue which necessitated his refusal to comply with this mandatory vaccination.

11) Mr. Stepanyants pointed out that he could not, in good standing with his faith and resulting moral compass, be associated with products developed with aborted fetal tissue.

12) On December 21, 2021, Mr. Stepanyants received an email which stated, among other things, as follows: "After serious consideration, your request has been denied. While we acknowledge that you may hold sincere beliefs, the Company is unable to offer you an accommodation as it would create an undue hardship."

13) The December 21, 2021 email also suggested that if Mr. Stepanyants was not fully vaccinated by February 15, 2022 he would be considered to have "voluntarily resigned." However, he had never intended to resign in any way. On February 15, 2022 he was terminated.

14) Interestingly, some weeks before Mr. Stepanyants was terminated, he was asked by his direct report, Jaclyn Whynot (Director of Analytics), if he could continue working for the company under contract to help with the transition of the large amount of important duties he had conducted for the team as the most tenured and knowledgeable analyst on the Analytics team.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

15) On or about April 26, 2023, Mr. Stepanyants was issued a "Right to Sue" letter. A true and correct copy of the Right to Sue letter serves as "Exhibit A" to this Complaint.

16) DOLLAR was egregiously prejudicial against Mr. Stepanyants when it failed to follow its own SHRB guidelines.

## FIRST CAUSE OF ACTION

Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq*.] Termination and Retaliation based on Religion Against Defendant.

17) PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

18) Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

19) Mr. Stepanyants was at all times relevant herein an employee and applicant covered by U.S.C. § 2000e et seq.

20) Mr. Stepanyants held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

21) Mr. Stepanyants's accommodation was denied.

22) DOLLAR did not attempt to and refused to accommodate Mr. Stepanyants with any of the recommended accommodations they provided in DOLLAR Vaccine Mandate.

23) Therefore, Mr. Stepanyants's SHRB and practices were a motivating factor in his termination.

24) PLAINTIFF suffered significant damages because of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits, pension, and the costs of bringing this action.

25) DOLLAR intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

26) Mr. Stepanyants is entitled to backpay, front pay, restoration of pension benefits, compensatory damages, punitive damages, attorney's fees, costs of suit, a declaration that Defendant violated his rights under Title VII, and an injunction preventing Defendant from enforcing its discriminatory policies.

27) Mr. Stepanyants is entitled to further relief as set forth below in his Prayer for Relief.

## SECOND CAUSE OF ACTION

Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e *et seq*.] Failure to Provide Religious Accommodation Against Defendant

28) PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

29) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes unlawful employment practice to fail or refuse to accommodate the religious beliefs and practices of an employee or prospective employee.

30) Mr. Stepanyants suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress,

past and future lost wages and benefits, pension, and the costs of bringing this action.

31) DEFENDANT intentionally violated Mr. Stepanyants' rights under Title VII with malice or reckless indifference.

32) PLAINTIFF is entitled to backpay, front pay, pension, compensatory damages, punitive damages, attorney's fee, costs of the suit, a declaration that DEFENDANT violated his rights under Title VII, and an injunction preventing DEFENDANT from enforcing its discriminatory policies.

33) PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

### THIRD CAUSE OF ACTION

Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 *et seq.*)—Discrimination and Retaliation based on Religious Creed Against Defendant

34) PLAINTIFF hereby incorporates a realleges the preceding paragraphs as though fully set forth herein.

35) Under FEHA, it is further an unlawful employment practice for an employer to discriminate against an employee in compensation, terms, conditions, or privileges of employment, because of employee's religious creed.

36) Mr. Stepanyants was at all times relevant herein an employee for purposes of FEHA.

37) PLAINTIFF was at all times relevant herein a member of a protected religious class.

38) DEFENDANT was at all times relevant herein an employee for purposes of FEHA.

39) FEHA broadly defines religious creed to include all aspects of observance and practice.

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

40) DEFENDANT intentionally discriminates against Mr. Stepanyants by making an adverse employment decision against his by terminating his employment.

41) DEFENDANT demonstrated discriminatory animus toward PLAINTIFF by terminating his employment and showing callous indifference toward his sincere religious beliefs. DEFENDANT subsequently terminated PLAINTIFF without explanation or providing any alternative after PLAINTIFF'S request for religious accommodation. DEFENDANT terminated PLAINTIFF'S employment because of his religious creed. DEFENDANT discriminated against the PLAINTIFF based on his religious beliefs.

42) Mr. Stepanyants suffered damages because of Defendant's unlawful discriminatory actions, including the emotional distress, past and future loss of wages and benefits, pension, and the cost of bringing this action.

43) DEFENDANT intentionally violated Mr. Stepanyants's rights under FEHA with malice or reckless indifference, and, as a result, are liable for punitive damages.

44) PLAINTIFF is entitled to such other and further relief as more fully set forth below in his Prayer for Relief.

## FOURTH CAUSE OF ACTION

Violation of the California Fair Employment and Housing Act (Cal. Govt. Code § 12900 *et seq*.)—Failure to Provide Religious Accommodations Against Defendant

45) PLAINTIFF hereby incorporates and alleges the preceding paragraphs as though fully set forth herein.

46) Under FEHA, it is an unlawful employment practice for an employer to terminate a person's employment because of a conflict between the person's religious beliefs or observance and any employment requirement, unless the

employer demonstrates that is has explored all reasonable means of accommodation of the religious beliefs or observances.

47) PLAINTIFF was a person and an employee of DEFENDANT within the meaning of FEHA.

48) DEFENDANT was at all times relevant herein employer of PLAINTIFF for purposes of FEHA.

49) PLAINTIFF is a devout believer in Christianity. DEFENDANT was aware of PLAINTIFF'S sincerely held religious beliefs.

50) PLAINTIFF holds strong beliefs based on his understanding of the teachings of Christianity, which prohibits Mr. Stepanyants from utilizing vaccines developed with fetal tissues or anything harmful to his body which he considers a temple of the Holy Spirit.

51) PLAINTIFF requested an accommodation from DEFENDANT. DEFENDANT denied the request stating that PLAINTIFF would need to comply with the vaccine mandate clearly discriminating against PLAINTIFF in his religious beliefs.

52) PLAINTIFF notified DEFENDANT that he would not be getting the vaccine and that he could not compromise his religious convictions.

53) DEFENDANT offered no accommodations other than PLAINTIFF receive the vaccine or be terminated.

54) DEFENDANT'S refusal to accommodate was a substantial motivating factor in DEFENDANT'S decision to deprive PLAINTIFF of his employment.

55) PLAINTIFF suffered significant damages because of DEFENDANT'S unlawful discriminatory actions, including emotional distress, past and future lost wages and pension benefits, and the costs of bringing this action.

- 9 -
**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

56) DEFENDANT intentionally violated PLAINTIFF'S rights under FEHA with malice or reckless indifference.

57) PLAINTIFF is entitled to backpay, front pay, pension, compensatory damages, punitive damages, attorney's fees, costs to bring suit, a declaration that DEFENDANT violated PLAINTIFF'S rights under Title VII, and an injunction preventing DEFENDANT from enforcing their discriminatory policies.

58) PLAINTIFF is entitled to further relief as more fully set forth below in his Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays this Court grant relief as follows:

A. Award PLAINTIFF backpay, including past loss of wages and benefits, plus interest;

B. Award PLAINTIFF his front pay, including future wages and restoration of pension benefits;

C. Award PLAINTIFF other and further compensatory damages in an amount according to proof;

D. Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

E. Award PLAINTIFF his reasonable attorney's fees and costs of suit;

F. Award PLAINTIFF punitive damages.

G. Enjoin DEFENDANT from enforcing its discriminatory policies;

H. Declare that DEFENDANT has violated Title VII of the Civil Rights Act and FEHA; and

I. Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: July 25, 2023       PACIFIC JUSTICE INSTITUTE

_____
MICHAEL PEFFER, ESQ.,
Attorneys for Plaintiff, EDWARD STEPANYANTS

## DEMAND FOR JURY TRIAL

PLAINTIFF, EDWARD STEPANYANTS hereby demands a jury trial in this matter.

DATED:   July 25, 2023       **PACIFIC JUSTICE INSTITUTE**

_____
MICHAEL PEFFER, ESQ.,
Attorneys for Plaintiff, EDWARD STEPANYANTS

**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

## VERIFICATION

I, EDWARD STEPANYANTS, am the Plaintiff in the above-captioned matter. I have read the AMENDED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e *et seq.*] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this __ day of July, 2023, in the County of Orange, State of California.

_____
EDWARD STEPANYANTS

# EXHIBIT A

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Los Angeles District Office
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/26/2023

To: Mr. Edward Stepanyants
4248 Molino
IRVINE, CA 92618
Charge No: 480-2022-03298

EEOC Representative and email:    YVONNE LOZANO
Senior Federal Investigator
yvonne.lozano@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
04/26/2023

Christine Park-Gonzalez
District Director

Cc:
Hilary Leaf
13335 MAXELLA AVE
Marina Del Rey, CA 90292

Nathaniel Glasser
Epstein Becker and Green
1227 25TH ST NW STE 1
Washington, DC 20037

Angel Perez
Epstein Becker and Green
227 W MONROE ST STE 3250
Chicago, IL 60606

Please retain this notice for your records.